HASTINGS & D. RY. CO. *v.* ST. PAUL, S. & T. F. RY. CO.

(*Circuit Court, D. Minnesota.* December 12, 1887.)

1. PUBLIC LANDS—RAILROAD GRANTS—WHEN TITLE VESTS.

Lands in controversy between two railroad companies, grantees under acts of congress,—complainant under act of 1866, and defendant under acts of 1857 and 1865,—were within the place limits of complainant's road, and within the indemnity limits of the road of defendant. Complainant's definite location was made before any selection by defendant. The lands in dispute were conveyed to defendant in 1871 and 1872. Complainant's road along these lands was finished in 1879, and application made for entry in 1883, which being refused, complainant brought suit in 1886. As against the holding of the United States supreme court that no title passes to indemnity lands until selection, and that as to place lands the title vests on completion, and relates back to the date of grant, and is specifically fixed by the definite location of the road upon the tracts of the place limits, defendant urged the administration of these grants by the land department, both in Minnesota and in Washington, as a construction and determination of the law. *Held,* that there is no reason why, both parties being donees, either may not insist as against the other upon the full measure of the rights given it by the grants.

2. SAME—RAILROAD GRANTS—WHEN TITLE VESTS—LIMITATION OF ACTIONS.

In such a case, neither party can set up the statute of limitations as a defense until it begins to run.

Bill by complainant, the Hastings & Dakota Railway Company, for possession of lands held adversely by defendant, the St. Paul, Stillwater & Taylor's Falls Railway Company.

*Gordon E. Cole,* for complainant.

*Thomas Wilson,* for defendant.

BREWER, J. These two companies above named are land-grant companies. The acts of congress under which the defendant claims are those of 1857 and 1865, while the complainant claims under the act of 1866. The lands in controversy are lands within the place limits of the complainant's road, and within the indemnity limits of the road of the defendant. The supreme court of the United States has in several cases within the last six or seven years affirmed these two propositions: That no title passes to indemnity lands until selection; and that, on the other hand, in the case of place lands, the title vests on the completion of the road, but relates back to the date of the grant, and is specifically fixed by the definite location of the road upon the tracts within the place limits. In other words, if the road is finished, then the lands in place, not already otherwise appropriated at the time of the definite location, become the property of the company that has done the work, the donees of the grant, and the title takes effect and dates back to the date of the grant.

In this case the definite location of the complainant's road was made before any selection was made by the defendant. Applying these two propositions affirmed and reaffirmed by the supreme court, there would seem to be no chance for dispute upon the legal proposition that the title to these lands was in the complainant, rather than in the defendant.

But as against that proposition the defendant has very strenuously urged that there was an uniform construction of the land department, both in this state and in Washington, in the administration of these grants, which has the effect of law,—is itself both a construction and a determination of the law. It is also contended that the complainant has slept upon its rights, and that its claim is stale. It is true that the lands were conveyed to defendant in 1871 and 1872; but on the other hand it is also true that the complainant's road was not finished along these lands until 1879, and this bill was filed in 1886. There is some testimony showing that in 1883 complainant made application for an entry of these lands, which was refused. Whatever force there may be, and I am not prepared to say that there would not be force, in these defenses, if interposed on behalf of a *bona fide* purchaser, some one who had parted with value for the property, yet the question here is presented simply between the two railroad companies,—no grantee, no mortgagee, no *bona fide* purchaser, or third party, being interested in this case, and in this question. Both of these parties were beneficiaries of a grant; neither one bought the land, neither paid any money. The United States government simply made a donation of these lands, and as between two parties, each of whom claims a right to the benefit of the gift, I think that until the statute of limitations runs,—and there is no pretense in this case that it has run,—neither party can interpose the staleness of the claim as a defense. The United States government by its congress donated these lands, and there is no reason why, under such circumstances, either party may not insist as against the other upon the full measure of the rights given it by the grants.

For these reasons the decree will go in favor of the complainant. Ordered accordingly.